UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NOS. CR-94-0184-WFN |
| --- | --- |
| Respondent, | CV-05-0156-WFN |
| -vs- | ORDER |
| EDWARD P. COLLICOTT, | |
| Movant. | |

Pending before the Court is Movant's Motion to Vacate, Set-Aside, or Correct Sentence under 28 U.S.C. § 2255. (CR-94-0184, Ct. Rec. 153; CV-05-156, Ct. Rec. 1). This Motion is submitted by Edward P. Collicott, Sr., who is appearing *pro se* for the purposes of these proceedings.

## I. BACKGROUND

Mr. Collicott was Indicted on August 24, 1994 for: (1) Possession with Intent to Distribute Methamphetamine; (2) Possession with Intent to Distribute Heroin; and (3) Possession with Intent to Distribute Cocaine. A jury found Mr. Collicott guilty of all three counts on January 19, 1995. Mr. Collicott timely appealed the judgment and on September 12, 1996, the Ninth Circuit reversed and remanded the matter for a new trial.

A second jury was convened on November 4, 1996. That jury returned guilty verdicts on all three counts on November 7, 1996. On December 11, 1996, Mr. Collicott was sentenced to a 210 month term of imprisonment. Mr. Collicott timely appealed and on March 13, 1998, the Ninth Circuit issued a mandate affirming the judgment of the district court. Mr.

Collicott's judgment became final for purposes of collateral attack ninety days later, when the certiorari period expired.

Mr. Collicott now contends that his sentence is unconstitutional because the district court applied sentencing enhancements based upon facts which were not determined by a jury beyond a reasonable doubt in violation of *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005), decided on June 24, 2004 and January 12, 2005 respectively.

## II. DISCUSSION

Only if the Motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The Rules regarding § 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A movant fails to state a claim upon which relief can be granted when he fails to meet the statute of limitations. 28 U.S.C. § 2255 provides for a 1-year period of limitations; however, there are some tolling provisions. For example, the statute allows for the limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. While it is certainly arguable that the principles discussed in *Blakely* and *Booker* constitute "newly recognized"

1 rights, Mr. Collicott's petition does not appear to meet the second prong of the test because
2 the Ninth Circuit has held that *Blakely* is not retroactive to cases on collateral review.  *See*
3 *Schardt v. Payne*, ___ F.3d ___, 2005 WL 1593468, *11 (9th Cir. 2005).  This Court also
4 does not anticipate that *Booker* will be made retroactive on collateral review given that the
5 Supreme Court has declined to do so with either *Apprendi v. New Jersey*, 530 U.S. 466 (2000)
6 or *Ring v. Arizona*, 536 U.S. 584 (2002). *Schiro v. Summerlin*, 124 S.Ct. 2519 (2004) (*Ring*);
7 *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002) (*Apprendi*).  Nevertheless, if the Supreme Court
8 determines that *Booker* is to be applied retroactively, then Mr. Collicott may refile his petition
9 pursuant to the limitations provision of 28 U.S.C. § 2255(3).  Accordingly,

**IT IS ORDERED** that:

1. Mr. Collicott's Motion to Vacate, Set-Aside, or Correct Sentence under 28 U.S.C. § 2255 (CR-94-0184, Ct. Rec. 153; CV-05-156, Ct. Rec. 1) is **DENIED without prejudice**.

2. The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Movant AND TO the United States Attorney, Spokane, Washington; and

(c) **CLOSE THIS FILE**.

**DATED** 25th day of July, 2005.

                              s/ Wm. Fremming Nielsen
07-20                         WM. FREMMING NIELSEN
                              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3