UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | NOS.  CR-94-0184-WFN |
|  ) | CV-06-0053-WFN |
| -vs- ) | |
|  ) | ORDER |
| EDWARD P. COLLICOTT, SR., ) | |
|  ) | |
| Movant. ) | |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (CR-94-184, Ct. Rec. 157; CV-06-053, Ct. Rec. 1). The Motion is submitted by Edward Collicott, who is appearing *pro se* in these proceedings.

**BACKGROUND**

Mr. Collicott was Indicted on August 24, 1994 for: (1) Possession with Intent to Distribute Methamphetamine; (2) Possession with Intent to Distribute Heroin; and (3) Possession with Intent to Distribute Cocaine. On January 19, 1995, a jury found Mr. Collicott guilty of all three counts. Mr. Collicott timely appealed the judgment, and on September 12, 1996, the Ninth Circuit reversed and remanded the matter for a new trial.

A second jury was convened on November 4, 1996. That jury also returned guilty verdicts on all three counts. On December 11, 1996, Mr. Collicott was sentenced to a 210-month term of imprisonment. Mr. Collicott timely appealed, and on March 13, 1998, the

ORDER - 1

Ninth Circuit affirmed the judgment of the district court. Mr. Collicott's judgment became final for purposes of collateral attack ninety days later, when the certiorari period expired.

During Mr. Collicott's second trial, the Government introduced the testimony of Zaidi Maulauni from the first trial. Mr. Collicott unsuccessfully challenged this testimony by way of a motion in limine. He now renews his assertion that his Sixth Amendment right to confrontation was violated by the admission of this testimony because he was not allowed to cross-examine Zaidi Maulauni at the second trial. *See Crawford v. Washington*, 124 S.Ct. 1354, 1374 (2004)("Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.").

## DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus, when a movant fails to state a claim upon which relief can be granted or the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A movant fails to state a claim upon which relief can be granted when he fails to meet the statute of limitations. As the Court has discussed in its prior orders, section 2255 provides a very narrow post-conviction remedy when a new rule of constitutional law emerges after

ORDER - 2

the statute of limitations has passed.[1] In such cases, the statute provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Mr. Collicott contends that his petition is timely because it was filed on February 16, 2006, which is within one-year of the date the Ninth Circuit determined that *Crawford* was retroactive to cases on collateral review. *See Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005). Although Mr. Collicott's petition would have been timely under the Ninth Circuit's reading of § 2255(3), *see United States v. Valdez*, 195 F.3d 544 (9th Cir. 1999), the Supreme Court recently interpreted this language to mean that the one-year clock begins to tick on the date that the Supreme Court initially ***recognizes*** the right asserted, not from the date on which the right was made retroactively applicable. *See Dodd v. United States*, 125 S.Ct. 2478 (2005). In the matter *sub judice*, the clock began ticking on March 8, 2004, the date that *Crawford* was decided. Mr. Collicott's petition, filed February 15, 2006, is therefore untimely.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district court's assessment of the

---

[1] The Court notes that Mr. Collicott is also under the impression that his pending § 2255 motion is a successive petition. This is incorrect. His first § 2255 motion, filed May 25, 2005, was denied *without* prejudice and therefore does not count as a strike against him. Mr. Collicott's December 30, 2005 filing was a Motion for Writ of Audita Querela. That motion was not construed as a § 2255 petition and does not have any effect on Mr. Collicott's present motion.

ORDER - 3

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.*

Based on the Court's preceding analysis, the Court concludes that the Movant has made a substantial showing of a denial of a constitutional right. The factual scenario he presents falls squarely within the holding of *Crawford v. Washington*, *supra*, and implicates his Sixth Amendment right to confrontation. The question of whether jurists of reason would find the Court's statute of limitations ruling debatable is a more difficult call. This Court is bound to apply *Dodd v. United States*, 125 S.Ct. 2478 (2005), and is unaware of any tolling provision which would save Mr. Collicott's claim. However, the Court is also of the opinion that Ninth Circuit review of this matter is appropriate to ensure that Mr. Collicott's habeas petition is completely foreclosed. Thus, a certificate of appealability shall issue. Accordingly,

**IT IS ORDERED** that Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, **CR-94-184, Ct. Rec. 157; CV-06-053, Ct. Rec. 1**, is **DENIED**.

The District Court Executive is directed to:

- File this Order and provide copies to pro se Movant and to the United States Attorney in Spokane, Washington;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; and
- **CLOSE** the corresponding civil file, **CV-06-0053-WFN**.

ORDER - 4

1     **DATED** this 28th day of February, 2006.

s/ Wm. Fremming Nielsen  
WM. FREMMING NIELSEN  
SENIOR UNITED STATED DISTRICT JUDGE

02-28

ORDER - 5